Pending attachment of a fund due a foreign corporation, held by a receiver, the trustee of the corporation moved in the receivership proceedings to amend the order directing the receiver to pay the fund to him for the corporation, which was successfully resisted by the attaching creditors, and judgment for costs was rendered against the trustee. *Held*, on motion of the attaching creditors, that the costs should be paid out of the fund on their relieving the necessary amount from their attachment, the receiver being in no position to object thereto, and the judgment against the trustee being virtually against the fund when he should receive it, and not against him individually.

Proceedings for voluntary dissolution of Hulbert Bros. & Co. Motion to direct payment of costs out of fund in hands of receiver sustained.

Stedman & Larkin and Campbell & Hance, for creditors.

Francis Speir, Jr., for receiver.

SCOTT, J. Hulbert Bros. & Co., a corporation, instituted proceedings for voluntary dissolution, and a permanent receiver was appointed on August 5, 1897. Among its creditors was the E. C. Meachem Arms Company, a corporation organized under the laws of the state of Missouri, which had, prior to October, 1897, made a general assignment for the benefit of creditors under the laws of Missouri, and thereafter one Bulkley was appointed substituted trustee in place of the original trustee. Such proceedings were had in the proceedings for the dissolution of Hulbert Bros. & Co. that an order was entered in this court on May 27, 1898, adjudging the E. C. Meachem Arms Company to be a creditor of Hulbert Bros. & Co. to the amount of $7,929.09, and that the share of the said arms company in the assets of Hulbert Bros. & Co. amounted to $574.07. Prior to the entry of this order, a firm of attorneys in this city began an action against the E. C. Meachem Arms Company for the sum of $1,250, claimed to be due for services rendered in connection with proving the claim of that company against Hulbert Bros. & Co. An attachment was issued and levied upon the funds in the hands of the receiver of Hulbert Bros. & Co., on February 15, 1898, so that, from the instant the order was entered fixing the amount due to said company out of the assets in the hands of the receiver, the lien of the attachment covered the whole amount so fixed. In January, 1899, Bulkley, as substituted

trustee of the E. C. Meachem Arms Company, moved at special term to amend the order of May 27, 1898, by inserting before the words "E. C. Meachem Arms Company" the words "William M. Bulkley, the trustee of," the effect of which motion, if granted, would have been that the receiver of Hulbert Bros. & Co. would have been directed to pay the $547.07 to Bulkley, as trustee, instead of to the arms company. The attaching creditors of the Meachem Arms Company opposed the motion, which was denied at special term. The substituted trustee appealed to the appellate division, where the order of the special term was reversed, and the motion granted. 57 N. Y. Supp. 38. The attaching creditors in turn appealed to the court of appeals, where the order of the appellate division was reversed, and the order of the special term affirmed (54 N. E. 571), and costs in all the courts, amounting to $267.32, awarded to the attaching creditors against the substituted trustee, and a judgment has been duly entered in this county in favor of said attaching creditors against said Bulkley as substituted trustee. In the meantime the receiver of Hulbert Bros. & Co. still holds the said sum of $574.07, which he has been ordered to pay to the E. C. Meachem Arms Company, but which he has been prevented from paying by reason of the attachment. The attaching creditors now move that the receiver of Hulbert Bros. & Co. be directed to pay them, out of the funds in his hands adjudged to be due to the E. C. Meachem Arms Company, the amount of the judgment for costs against Bulkley as substituted trustee for said company. The receiver of Hulbert Bros. & Co. opposes the motion, because, as he says, the costs were awarded against Bulkley, and not against himself. It is not apparent, however, what interest the receiver has in the question. He holds the amount subject to the order of the court, and it can make no difference to him who receives the money, provided it is paid under authority which will protect him. The substituted trustee opposes the motion because, as the matter now stands, the final order of distribution directs payment to be made to the Meachem Arms Company, and not to Bulkley, its assignee. This objection seems to me to be a matter of form, rather than of substance. The judgment against Bulkley is against him in his representative capacity, and not individually. Whenever and however it is to be paid, it must be collected out of funds or property in his hands as assignee, and not out of his individual property. It is true that the order directing payment over of the funds at present requires payment to be made to the Meachem Arms Company, and not to Bulkley, as assignee, and that the motion to so amend it as to require payment to Bulkley has been denied. The record, however, shows that that motion was resisted and denied, not by reason of any infirmity in Bulkley's claim, or right to receive the money in behalf of the Meachem Company, but solely because of the outstanding attachment. As between the Meachem Arms Company and Bulkley, its assignee, the latter will be entitled to receive the payment whenever the obstacle now existing in the shape of the attachment shall be removed. If the attachment were to be vacated to-day, while in form the receiver would be under an order to pay the fund to the Meachem Company, in fact Bulkley, its assignee, would be entitled to demand instant pay-

ment from the company. In fact, the fund in the hands of the receiver, payable to the Meachem Company, subject to the lien of the attachment, constitutes a part of the assigned estate covered by the assignment to Bulkley. Hence, if the assignment were out of the way, it would be most appropriate that the judgment for costs against Bulkley, as assignee, should be satisfied out of the fund in the hands of the receiver of Hulbert Bros. & Co. To the extent necessary to pay the judgment for costs, the attachment can be removed as an obstacle to payment by a proper stipulation on the part of the attaching creditors. The motion will therefore be granted in so far as to direct the receiver to pay the judgment for costs upon receiving a stipulation relieving so much of the attached fund as is so paid from the lien of the attachment.

Ordered accordingly.